IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY E. JOHNSON, | ) | C 06-6376 MJJ (PR) |
| | ) | C 06-5539 MJJ (PR) |
| Petitioner, | ) | |
| | ) | **ORDER DENYING MOTION TO** |
| vs. | ) | **DISMISS AND MOTION FOR** |
| | ) | **APPOINTMENT OF COUNSEL;** |
| | ) | **TO CONSOLIDATE CASE NOS.** |
| TONY MALFI, et al., | ) | **C 06-6376 MJJ (PR) AND C 06-** |
| | ) | **5539 MJJ (PR); DIRECTING** |
| Respondent. | ) | **RESPONDENT TO FILE** |
| | ) | **SUPPLEMENTAL ANSWER;** |
| | ) | **INSTRUCTIONS TO CLERK** |
| | ) | |
| | ) | (Docket No. 3) |

Petitioner, a California prisoner, filed two pro se habeas corpus petitions pursuant to 28 U.S.C. § 2254, Case Nos. 06-5539 MJJ and 06-6376 MJJ. In Case No. 06-5539 MJJ, respondent was ordered to show cause why the petition should not be granted based on the five cognizable claims raised therein. Respondent filed an answer and petitioner filed a traverse, and that case is currently pending. In Case No. 06-6376 MJJ, respondent was ordered to show cause why the petition should not be granted based on the two cognizable claims raised therein.[1] Respondent has filed a motion to dismiss the petition as a "second or successive" petition. Although granted time to do so, petitioner has not filed an opposition to

---

[1] A third claim was dismissed for failure to state a cognizable basis for federal habeas relief.

G:\PRO-SE\MJJ\HC.06\johnsona2.mtd.wpd

the motion to dismiss.

## BACKGROUND

Petitioner received two separate criminal judgments in the Sonoma County Superior Court. In Sonoma County Superior Court case number SCR-31910 (hereinafter "SCR-31910"), a jury found petitioner guilty of rape and robbery and other offenses in October 2002. In December 2002, in Sonoma County Superior Court case number SCR-31911 (hereinafter "SCR-31911"), a second jury found petitioner guilty of conspiracy and solicitation to commit murder. On April 10, 2003, the trial court sentenced petitioner in both cases to a term of 25 years plus 50 years to life in state prison. Petitioner challenged the two judgments in a single appeal to the California Court of Appeal, which, in a single opinion, affirmed the judgments in both cases. Petitioner filed a petition for review of the California Court of Appeal's decision in the California Supreme Court, which was denied on June 21, 2006.

## DISCUSSION

A.   <u>Motion to Dismiss Case No. C 06-6376 MJJ</u>

Respondent moves to dismiss Case No. 06-6376 MJJ on the grounds that is a second or successive petition to petitioner's earlier federal petition, Case No. 06-5539 MJJ. A second or successive habeas petition challenging the same conviction or sentence must be dismissed unless petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. 28 U.S.C. §§ 2244(b)(2),(3). In Case No. 06-6376, petitioner challenges the conviction and judgment in SCR-31911. (Petition in Case No. 06-6376 MJJ, at 2.) In his earlier federal petition, Case No. 06-5539 MJJ, petitioner challenges a different state court conviction and judgment, from SCR-31910. (Petition in Case No. 06-5539 MJJ, at 2.) The federal habeas petition filed in Case No. 06-6376 MJJ should not be dismissed as a "second or successive" petition because it challenges a different conviction and judgment than petitioner's earlier-filed federal habeas petition.

Respondent points to the fact that in petitioner's earlier federal petition, in Case No.

06-5539 MJJ, while petitioner's first four claims pertained to SCR-31910, the fifth claim pertained to SCR-31911, which is the state court case challenged in the federal petition filed in Case No. 06-6376 MJJ. Respondent argues that this means that the federal petition in Case No. 06-5539 MJJ challenged SCR-31911, in addition to SCR-31910, and therefore the federal petition in Case No. 06-6376 MJJ, which also challenges SCR-31911, is a second or successive petition. Respondent overstates the case with respect to the petition filed in Case No. 06-5539 MJJ. In that petition, in response to the question "What sentence are you challenging in this petition?," petitioner includes only SCR-31910, not SCR-31911.[2] (Petition in Case No. 06-5539 MJJ, at 2, §1(b).) The fact that the petitioner's fifth claim pertained to a different state court case means only that such claim cannot be the basis of relief from the conviction in SCR-31910. It does not mean that the federal petition was also a challenge to the conviction in SCR-31911. In light of petitioner's clear intent, as evinced by his answers in the form petitions, to challenge only SCR-31910 in Case No. 06-5539 MJJ and to challenge only SCR-31911 in Case No. 06-6376, the Court will not infer an intent to the contrary from petitioner's apparently inadvertent inclusion of a fifth claim in Case No. 06-5539 MJJ that pertained to SCR-31911. Accordingly, the motion to dismiss Case No. 06-6376 MJJ as a second or successive petition is DENIED.

B.   Consolidation

As described above, although Case Nos. 06-6376 MJJ and 06-5539 MJJ each pertain to different state court trials, convictions and judgments, and are therefore not successive, both cases involved the same defendant, joint appeals and opinions in the California Court of Appeal and the Supreme Court of California, and an overlapping set of facts and events. Accordingly, the Court finds the interests of justice, expediency, and judicial efficiency would best be served by consolidating the two federal habeas petitions into a single case. The Court notes that, as discussed above petitioner's fifth claim in the petition filed in Case No. 06-5539 MJJ, pertains to SCR-31911, the state court conviction being challenged in the

---

[2] In response to the same question in the form federal habeas petition in Case No. 06-6376 MJJ, petitioner includes only case number SCR-31911 as the state sentence being challenged.

G:\PRO-SE\MJJ\HC.06\johnsona2.mtd.wpd    3

petition filed in Case No. 06-6736 MJJ. In light of petitioner's pro se status and lack of legal training, the Court construes the claim as being inadvertently advanced in the petition filed in Case No. 06-5539 MJJ, and the Court will consider such claim instead as part of the petition filed in Case No. 06-6736 MJJ challenging SCR-31911.

C.   Appointment of Counsel

Petitioner has filed a request for appointment of counsel. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Pursuant to 18 U.S.C. § 3006A(a)(2)(B), however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." Petitioner's claims have already been adequately presented in the petitions and the state court briefs that are part of the record in this case. If the Court ascertains a need for assistance of counsel at a later stage of this litigation, the Court will sua sponte issue an order appointing counsel. At this time, the interests of justice do not require such appointment, and petitioner's motion is DENIED.

## CONCLUSION

For the foregoing reasons, the Court hereby orders:

1.   The motion to dismiss and the motion for appointment of counsel in Case No. C 06-6376 MJJ are DENIED.

2.   Case Nos. C 06-5539 MJJ and C 06-6376 MJJ are CONSOLIDATED. All matters previously raised in either Case No. C 06-5539 MJJ or Case No. C 06-6376 MJJ shall now proceed and be considered only in Case No. C 06-5539 MJJ, and all filings by the parties as to such matters shall indicate in the caption Case No. C 06-5539 MJJ (PR).

3.   Within **sixty (60) days**, respondent shall file a supplemental answer in Case No. 06-5539 MJJ addressing the two claims that the Court identified as cognizable in the January 3, 2007 Order to Show Cause in Case No. C 06-6376 MJJ. If petitioner wishes to file a supplemental traverse, he must do so within **thirty (30) days** of the date the supplemental answer is filed. The parties shall comply with all provisions of the January 3,

2007 Order to Show Cause in Case No. C 06-6376 MJJ not inconsistent with this order.

   4.  The Clerk shall close the file in Case No. C 06-6376 MJJ (PR), terminate all pending motions in that case, including Docket Nos. 13 & 15, and consolidate Case Nos. C 06-5539 MJJ (PR) and C 06-6376 MJJ (PR).  The Clerk shall file a copy of this order in both Case Nos. C 06-5539 MJJ (PR) and C 06-6376 MJJ (PR).

  IT IS SO ORDERED.

DATED: 12/12/07

             _____
             MARTIN J. JENKINS
             United States District Judge

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY E. JOHNSON,

        Plaintiff,

  v.

TONY MALFI et al,

        Defendant.
                                   /

Case Number: C06-06376 MJJ
                  C06-05539 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 13, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony E. Johnson
CSP Sacramento - New Folsom
Prisoner Id K-00750
P.O. Box 290066
Represa, CA 95671-0066

Dated: December 13, 2007

Richard W. Wieking, Clerk
By: R.B. Espinosa, Deputy Clerk